JOHN D. LORDEN vs. PATRICK COFFEY.

Suffolk.   March 7, 1901. — April 4, 1901.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

A valid assessment for the laying out of a new street is a breach of the covenant against encumbrances in a deed given after the street was laid out but before it was constructed and the assessment made.

St. 1892, c. 418, § 8, amending St. 1891, c. 323, § 15, in regard to assessing upon adjoining parcels of land the cost of new highways laid out by an order of the board of street commissioners of Boston under those statutes, provides that the "assessable cost of the work done under said order shall be assessed upon the several parcels of land" and that the amount for which each parcel shall be liable shall be determined by the street commissioners "in accordance with the proportions in which said board shall determine that the said parcels of land are increased in value by the aforesaid order and the carrying out thereof." *Held,* that this section is unconstitutional, as under it the whole assessable cost is to be paid by the adjoining estates and this may be greater than the benefit to the property assessed. The provision for the proportional distribution of the tax among the different parcels does not prevent the total assessment from exceeding the total benefit.

CONTRACT upon the covenants against encumbrances and of warranty in a deed given by the defendant to the plaintiff June 20, 1896, conveying certain premises on Burbank Street in Boston. Writ dated August 4, 1900.

At the trial in the Superior Court, before *Gaskill*, J., it appeared, that on April 2, 1896, the board of street commissioners of the city of Boston issued an order, to give notice, that the board was of the opinion that public necessity and convenience required that Burbank Street be laid out as a highway with the name of Fenelon Street, and constructed by grading and covering; and that they intended to take the action required for this purpose by the provisions of St. 1891, c. 323, and acts in amendment thereof. A copy of this notice was published in two Boston newspapers on April 3, and April 9, 1896, and on June 2, 1896, the board ordered, that Burbank Street be, under the provisions of St. 1891, c. 323 and acts in amendment thereof, laid out under the name of Fenelon Street, and ordered the construction of the highway of a width of forty feet with

gutters, cross walks, sewers, catch basins, and house and gas connections.

After the passage of this order and after the giving of the deed, the street was constructed in accordance with the order. On December 22, 1899, the board of street commissioners passed an order, that they, acting under the provisions of St. 1891, c. 323, and acts in amendment thereof, thereby determined the assessable cost of laying out and of work done in construction of Fenelon Street, under their order of June 2, 1896, to be $2,823.97, and thereby assessed said assessable cost on the several parcels of land thereinafter specified, and under this order the board assessed upon the property conveyed by the defendant's deed the sum of $203.25. On July 31, 1900, the plaintiff, after demanding that the defendant pay it, paid this assessment with interest to the city of Boston.

On the foregoing facts the defendant requested the following rulings:

1, 2 and 3. St. 1891, c. 323, in its provisions for assessment of cost of street construction upon abutting estates is unconstitutional and void, in itself and as amended by St. 1892, c. 418, and St. 1896, c. 236.

4 and 5. The assessment in the case at bar and the order for the construction of Burbank Street, being under a statute unconstitutional and void in its provisions as to such assessment, constituted no lien or encumbrance upon the property conveyed by the defendant to the plaintiff.

" 6. The question of the extent of the defendant's liability under the covenants in his deed to the plaintiff must be determined under the laws in force at the date of the deed, and cannot be affected by St. 1899, c. 433, passed subsequent to the date of such deed.

" 7. Actual construction of the street is the basis of the right to assess betterments or cost as betterments. Such construction postdating the defendant's deed, the plaintiff can recover only nominal damages.

" 8. The validity of the order of the Street Commissioners of June 2, 1896, as a basis for subsequent assessments or betterments must be tested by the laws in force at the date of the first publication, April 2, 1896.

" 9. If the assessment was made by virtue of or in compliance with the provisions of St. 1899, c. 433, the defendant is not liable in this action."

" 13. Upon all the evidence in the case, the plaintiff is not entitled to recover."

The judge gave the instructions 6 and 8 and refused to give the other instructions requested by the defendant, and instructed the jury that the assessment and the law under which it was made were constitutional and valid. To this instruction and to the refusals to rule the defendant excepted.

The jury found for the plaintiff in the sum of $214.75; and the defendant alleged exceptions.

*W. Bolster*, for the defendant.

*J. D. Thomson*, for the plaintiff.

HOLMES, C. J. This is an action on the covenant against encumbrances in a deed conveying land on Burbank Street in Boston. A few days before the date of the deed the street commissioners had ordered that the so called street should be laid out as a highway under St. 1891, c. 323, as amended by St. 1892, c. 418. After the date of the deed the street commissioners determined the assessable cost which subsequently the plaintiff paid. It is not denied that the lien for this cost was an encumbrance (*Blackie* v. *Hudson*, 117 Mass. 181,) if the statute under which it was assessed is constitutional, and the case comes here on exceptions to a refusal to rule that the act is void. No other question is argued.

By St. 1892, c. 418, § 8, the assessable cost of the work is made a lien upon the land without personal liability, and the amount for which each parcel shall be liable shall be determined by the street commissioners " in accordance with the proportions in which said board shall determine that the said parcels of land are increased in value by the aforesaid order and the carrying out thereof." It is argued that, although the cost is to be divided among the estates liable in proportion to the benefit, the cost may be greater than the benefit, and that therefore an attempt to charge it all unconditionally to the benefited estates is void under recent decisions. *Dexter* v. *Boston*, 176 Mass. 247, 251.

We are of opinion that the argument is sound, and that the

statute cannot be sustained. At first we had the impression that the required proportion to the increase in value could be construed to save it, as the word "proportional" was deemed sufficient to save St. 1899, c. 450, § 3. *Hall* v. *Street Commissioners*, 177 Mass. 434. But the statute of 1899 simply fixed a maximum of not more than four dollars per linear foot as the sum which was to be charged in proportion to the benefit received. Under the statute before us the whole assessable cost is to be paid by the adjoining estates. "The said assessable cost of the work done under said order shall be assessed upon the several parcels of land," St. 1892, c. 418, § 8, or as it read before amendment, "The said assessable cost . . . shall be repaid with interest to the city, by the owners of the several parcels of land." St. 1891, c. 323, § 15. There is no escape from the construction that the whole assessable cost is to be paid. What this cost is is defined in St. 1892, c. 418, § 7. It includes the expenses of taking land and all the main items to be expected. Plainly it may be greater than the benefit to the adjoining estates. The proportion in which the board shall determine that the parcel of land is increased in value determines the amount for which each parcel is to be liable, it is true, but as the total cost is to be divided among the several parcels, there is no chance to read the reference to this proportion as implying that the charges shall not be more than the benefit. The only effect which it can have is to determine the distribution of the tax among the different parcels which collectively must pay the whole. We are unable to construe the statute in such a way as to make it consistent with the Constitution.

*Exceptions sustained.*