*R. Hoar,* for the defendant.
*G. S. Taft,* for the plaintiff.

---

## NANCY E. SMITH *vs.* MAYOR AND ALDERMEN OF WORCESTER.

Worcester.    September 29, 1902. — October 31, 1902.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Constitutional Law.    Tax.*

St. 1867, c. 106, concerning sewers and drains in the city of Worcester providing in § 4 that "Every person owning real estate upon any street in which any drain or sewer may be laid under or by virtue of this act, and upon the line thereof, or whose real estate may be benefited thereby, shall pay to said city such sum as the mayor and aldermen shall assess upon him as his proportionate share of the expenditure of the city for drains and sewers," is constitutional. The Legislature in enacting it contemplated a specific region and must be taken to have had in mind a specific scheme and to have adjudicated that the real estate on the line of the sewers with possibly some other land would be benefited as a whole to the extent of the charge put upon it.

PETITION, filed November 27, 1901, and amended March 26, 1902, for a writ of certiorari to quash the proceedings of the board of aldermen of the city of Worcester in laying a sewer assessment upon the owners of estates abutting on Mott Street in that city under provisions of St. 1867, c. 106, § 4, alleged to be unconstitutional.

The respondents demurred, and the case was reserved by *Morton,* J. upon the petition as amended and the demurrer for determination by the full court. If the demurrer was sustained

the bill was to be dismissed; otherwise, such disposition was to be made of the case as to the court should seem meet.

*F. F. Dresser,* (*T. H. Gage, Jr.* with him,) for the petitioner.

*A. P. Rugg,* (*E. I. Morgan* with him,) for the respondents.

HOLMES, C. J.   This is a petition for a writ of certiorari to quash a sewer assessment levied under St. 1867, c. 106.   The question whether the petition can be sustained was reserved by a single justice of this court.

We are asked to declare the statute unconstitutional on the ground that the assessment which it purports to authorize may exceed the benefit to the estate assessed, and therefore is bad under the recent decisions of this court.   *Sears* v. *Street Commissioners,* 173 Mass. 350.   *Dexter* v. *Boston,* 176 Mass. 247, 251.   *Lorden* v. *Coffey,* 178 Mass. 489.   It is admitted that the statute has been before the court repeatedly, and has been upheld after argument as to its validity.   *Butler* v. *Worcester,* 112 Mass. 541, 555.   See *Worcester Agricultural Society* v. *Worcester,* 116 Mass. 189; *Workman* v. *Worcester,* 118 Mass. 168; *Clark* v. *Worcester,* 125 Mass. 226.   But it is said that the rule of the recent cases cited was not understood at the time of these decisions, and that the latter no longer are authority so far as the present question is concerned.

It would be a misfortune if we were driven to the conclusion contended for by the plaintiff, after the act has stood so long under the shelter of an express decision, and after, as we may presume, very great and costly improvements have been made and probably titles passed in reliance upon the authority which the statute purports to confer.   It is only justice to require an argument from which there is no possible escape before we accept such a result.   *Rogers* v. *Goodwin,* 2 Mass. 475, 478.   *Holmes* v. *Hunt,* 122 Mass. 505, 516.   But we do not suppose the recent decisions of this court to have made such slaughter among the older cases as the petitioner's counsel is inclined to believe, and we find it unnecessary to consider what effect, if any, is to be given to the modification by *French* v. *Barber Asphalt Paving Co.* 181 U. S. 324, *Webster* v. *Fargo,* 181 U. S. 394, *Cass Farm Co.* v. *Detroit,* 181 U. S. 396, and the other cases in the same volume, of the law as laid down in *Norwood* v. *Baker,* 172 U. S. 269, a decision to which while it stood unqualified we were bound to defer.

We are of opinion that the act may be sustained. Under the recent decisions it may be true that when the Legislature is passing a law of general future application, and when therefore it cannot be supposed to have compared the local benefit with the cost, the only mode in which it can be made certain, apart from the police power, that constitutional rights are preserved, is by limiting each assessment upon an estate to the benefit received by that estate. But when the Legislature has contemplated a certain region and may be supposed to have acted in view of a specific scheme, there is no doubt that within reasonable limits it may determine that the cost of an improvement shall fall upon a designated district and may fix the principles upon which the cost shall be apportioned. *Kingman, petitioner,* 153 Mass. 566. *French* v. *Barber Asphalt Paving Co.* 181 U. S. 324, 342, 343. *Parsons* v. *District of Columbia,* 170 U. S. 45. *Bauman* v. *Ross,* 167 U. S. 548, 593. See *Carson* v. *Brockton,* 175 Mass. 242, 245 ; 182 U. S. 398. It may deal with the whole improvement as a unit and charge those assessed with a share of the total expense. *Butler* v. *Worcester,* 112 Mass. 541, 555. *Dorgan* v. *Boston,* 12 Allen, 223. *Leominster* v. *Conant,* 139 Mass. 384, 388. *Sears* v. *Street Commissioners,* 180 Mass. 274, 278. *Parsons* v. *District of Columbia,* 170 U. S. 45. How far it may authorize an inferior body to constitute a special taxing district need not be considered here.

In *Sears* v. *Street Commissioners,* 173 Mass. 350, and *Lorden* v. *Coffey,* 178 Mass. 489, the statutes under consideration were general provisions for such sewers and streets as should be constructed or laid out in Boston thereafter, and the Legislature could not be taken to have passed upon a scheme. In the former case, the act authorized the street commissioners to take into consideration other matters beside the benefit received by the estate, and showed on its face that the Legislature had not undertaken to decide anything with regard to that. Of course there may arise cases in which it is difficult to say how far the Legislature has a particular region and a particular plan in mind. Perhaps we should have hesitated over the Worcester statute if it had come before us now for the first time. But as it stands now, the act before us fairly may be supposed to have contemplated a system and a more or less specific scheme even

if the scheme was not then complete in its details.   This was indicated in *Butler* v. *Worcester*, 112 Mass. 541, 552, and in view of that and later decisions must be assumed.   On that footing the Legislature determined that the real estate on the line of the sewers, together with possibly some other land, would be benefited as a whole to the extent of the charge put upon it. *Butler* v. *Worcester*, 112 Mass. 541, 555.   The language is " Every person owning real estate upon any street " etc., " or whose real estate may be benefited thereby."   The antithesis expressed is between estates on the line of the sewer, and thus obviously benefited, and those others which are benefited although not upon the line.   *Butler* v. *Worcester*, 112 Mass. 541, 553, 555.   *Workman* v. *Worcester*, 118 Mass. 168, 177.   The statute, we may remark in passing, does not purport to embrace all the real estate in the city as the region to be taxed, but the real estate along the line of the sewers and some other specially benefited land.   The argument that the city is treated as a unit and that therefore the cost should have gone into the general taxes proceeds on a false premise.

When the Legislature has determined that the cost or a proportion of it shall be thrown upon a designated region, the determination must be assumed to have been reached on constitutional principles, unless the court can see that it was unreasonable.   On that assumption the right of individual owners within the designated region is narrowed.   When they go before a jury they may contest the apportionment, but they cannot show that they have received no benefit at all.   That the Legislature has decided.   See *French* v. *Barber Asphalt Paving Co.* 181 U. S. 324, 341.   For if any one, then every one might contest in detail the question which the Legislature has answered once for all.   Of course in the case of an estate not identified by the statute as falling within the region but made to depend for its doing so upon the question whether it was benefited or not, the owner would have the right to deny the benefit by the terms of the statute itself.   After the benefit is established, probably he could not go on to inquire into the amount of the benefit.   To that extent at least it seems likely that the old decisions would stand.   *Workman* v. *Worcester*, 118 Mass. 168, 176. *Keith* v. *Boston*, 120 Mass. 108.   *Snow* v. *Fitchburg*, 136 Mass.

183; It will be noticed further that it was held or implied in *Clark* v. *Worcester*, 125 Mass. 226, that the assessment was not for the special benefit to the particular estate but an assessment of a proportional share of a tax laid on a legislatively constituted taxing district in respect, it may be presumed if necessary, of the benefit common to all that region and peculiar to it, but not of the special benefits peculiar to the several estates.

It is suggested that the language of the act extends to expenditure for maintaining the sewer and is bad on that ground. We do not understand it to have that meaning. Therefore it is unnecessary to discuss *Carson* v. *Brockton*, 175 Mass. 242, and *Sears* v. *Street Commissioners*, 173 Mass. 350, which seem to have appeared to the Supreme Court of the United States to be less reconcilable than we had supposed. *Carson* v. *Brockton Sewerage Commission*, 182 U. S. 398, 404.

If it were necessary in order to sustain the constitutionality of the statute, we should read the words "shall pay such sum as the mayor and aldermen shall assess upon him as his proportionate share of the expenditure" etc. as meaning a share not in excess of the special and peculiar benefit which his estate is adjudged to receive, thus bringing the case under *Hall* v. *Street Commissioners*, 177 Mass. 434, rather than under *Lorden* v. *Coffey*, 178 Mass. 489. But this interpretation would be contrary to the tenor of the decisions and would give the act an entirely different meaning and scope from that which it has been adjudged to have and which we have assumed it to have, for the purpose of deciding this case.

*Petition dismissed.*