MORRIS AHEARN & another *vs.* COUNTY OF MIDDLESEX
& another.

RODERICK W. ROGERS *vs.* INHABITANTS OF WATERTOWN.

SAME *vs.* COUNTY OF MIDDLESEX.

Middlesex. November 11, 1902. — January 12, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, & HAMMOND, JJ.

*Damages. Way. County Commissioners.*

An order of county commissioners, that damages for the alteration and widening
of a certain highway under Pub. Sts. c. 49, § 1, shall be paid by the town in
which the land lies, contrary to Pub. Sts. c. 49, § 58, which provides that all
such damages shall be paid by the county, is wholly void and of no effect, and
can be impeached in any proceeding in which it is material.

THREE PETITIONS, the first against the county of Middlesex
and the town of Belmont, filed on June 13, 1899, and the last
two respectively against the town of Watertown and the county
of Middlesex, filed March 19, 1901, for damages from the alter-
ation and widening of Belmont Street, a public highway.

In the Superior Court *Sheldon,* J. ruled as matter of law that
the damages should be assessed against the county of Middlesex
and not against the towns of Belmont and Watertown respec-
tively, and directed the jury in the Ahearn case to return a
verdict for the amount agreed upon against the county and a
verdict of no damages as to the town of Belmont; and in the
Rogers cases to return a verdict for the agreed amount against
the county in one case and a verdict in favor of the town of
Watertown in the other case. At the request of the parties
the judge reported the cases for the determination of this court.
If his rulings and directions to the jury were right, judgments
were to be entered upon the verdicts. Otherwise, the verdicts
were to be set aside, and judgments were to be entered for the
amounts of the verdicts, with interest from the date thereof,
against the town of Belmont in the Ahearn case and against
the town of Watertown in the Rogers cases, and judgment was
to be entered for the respondent in both cases as to the county
of Middlesex.

*J. Bennett*, for the petitioners in the first case.

*V. Skinner*, for the petitioner in the second and third cases.

*G. L. Mayberry*, for the county of Middlesex.

*J. E. Abbott*, for the respondent towns.

KNOWLTON, C. J.    These are petitions for an assessment of damages to the lands of the respective petitioners, occasioned by the alteration and widening of Belmont Street, a public highway, by order of the county commissioners of Middlesex.    The order of the commissioners directed the payment of the damages in each case by the town in which the land lies.    The land of the petitioner Ahearn lies in the town of Belmont, and the petitioner Rogers' land lies in the town of Watertown.    These petitions present the question whether, under the order, the petitioners, respectively, have a remedy in damages against the town or against the county.    The facts are stated at length in *Watertown* v. *County Commissioners*, 176 Mass. 22, in which it was held that the proceedings of the county commissioners were under the Pub. Sts. c. 49, § 1, and not under the Pub. Sts. c. 49, § 13.    It is conceded that the commissioners had no authority under the statute to direct the payment of the land damages by the respective towns, inasmuch as there is no statute which authorizes such an order.    The whole subject is covered by the Pub. Sts. c. 49, § 58, which provides that " All the expenses of the proceeding, and also all damages allowed therefor, and all sums awarded as indemnity, shall be paid by the county upon order of the commissioners, except as herein otherwise provided."    It is contended on the part of the county that the order of the commissioners for the payment of land damages by the towns, although erroneous, is to be given effect, inasmuch as the proceedings have never been set aside by the court, and that the only remedy available either to the petitioners or the towns, for this error, is by a writ of certiorari.

It has often been held that irregularities and informalities in cases of this kind can only be corrected on certiorari.    *Old Colony Railroad* v. *Fall River*, 147 Mass. 455, and cases cited.    Indeed, parties have been permitted to resort to certiorari, even when the proceedings were wholly void for want of jurisdiction. *Charlestown* v. *County Commissioners*, 3 Met. 202.    *Boston &amp; Maine Railroad* v. *Lawrence*, 2 Allen, 107.    *Boston &amp; Albany*

*Railroad* v. *County Commissioners*, 116 Mass. 73. But it never has been held that proceedings wholly outside the jurisdiction of a board of county commissioners would be held good until set aside upon a writ of certiorari. The distinction lies between proceedings which are irregular, informal, and erroneous in matters within their jurisdiction, and those that are void because done without jurisdiction. It would hardly be contended that action of such a tribunal under an unconstitutional statute would be held unimpeachable in collateral proceedings. The case of *Old Colony Railroad* v. *Fall River*, *ubi supra*, which is as favorable to the county as any that has been brought to our attention, recognizes this distinction. There the mayor and aldermen laid out a street forty feet wide across a railroad, when the order of the county commissioners, without which they could not lawfully lay out a street over a railroad, prescribed a street fifty feet wide. Mr. Justice Devens in the opinion says, " The question of laying out a street at grade over the railroad location was a matter placed within the jurisdiction of the city authorities by the action of the county commissioners. They had received full power to locate such a street, if they determined that public convenience required it. If it was an error on their part in locating the way only forty feet in width, it was an error of detail in dealing with a subject legally confided to them. This error could have been corrected in some one of the modes adverted to. It did not require that their proceedings should be wholly set aside."

The error in the present case is of a different sort. It consists in a departure from the business which was within their jurisdiction, and an attempt to deal with a subject entirely outside of their province. They had no right to make any order in regard to the party that should pay the land damages. There is no statute which confides that business, or anything relating to it, to their jurisdiction. On the contrary, the statute which we have quoted covers the whole subject, with a provision entirely different from that which they attempted to make. It is difficult to see on what principle, without legal authority, in a matter outside their jurisdiction, they could impose a liability upon these towns by an order in direct contradiction of the provision of the statute. We must hold that this part of

their order was wholly void, and it is therefore of no effect upon the rights of the petitioners or the towns in this proceeding.

It does not affect the validity of the proceedings in other parts. It leaves the cases as if they had made no order in regard to damages. The statute protects the rights of the parties by its requirement that these damages shall be paid by the county. Pub. Sts. c. 49, § 58. The fact that no order was made for their payment by the county is like the common case where no damages are awarded.

*Judgments on the verdicts.*