HERBERT J. HARWOOD *vs.* JAMES DONOVAN.

Suffolk.     April 4, 1905. — June 22, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Certiorari.   Tax,* Assessments for benefits.

The writ of certiorari is not one of right, and will not be issued to quash a sewer assessment made under a statute afterwards held to be unconstitutional, where the petition for the writ is filed nearly six years after the assessment and it seems probable that there was some special agreement between the city and the petitioner's predecessor in title under which he was content with the assessment and did not wish to contest its validity, and where the petitioner himself has made without protest five of the ten payments into which the assessment has been apportioned and has made use of the sewer.

PETITION, filed July 15, 1904, for a writ of certiorari to quash a sewer assessment made on August 18, 1898, by the respondent's predecessor in office upon certain land of the petitioner on Blue Hill Avenue in Boston, then owned by Joseph A. Harwood, the petitioner's father and predecessor in title.

The case was heard by *Hammond,* J., who made an order that the petition be dismissed, and at the request of the petitioner reported the case for determination by the full court, such entry to be made therein as upon the facts law and justice might require.

*W. Bolster,* for the petitioner.

*S. M. Child,* for the respondent.

BARKER, J.   Under orders adopted by the board of street commissioners of Boston, relying on the authority of St. 1891, c. 323, and acts in amendment thereto, which orders were passed in the year 1895, and adjudicated that the public convenience and necessity required it, Blue Hill Avenue was laid out, relocated and ordered to be constructed in a certain manner which involved the building of a sewer within its limits.   Under these orders the superintendent of streets constructed the avenue with the sewer, completing the work on August 18, 1898, and on that day he levied a betterment assessment on account of the construction of the sewer.   It is not alleged that the total amount levied exceeded the cost of the sewer.   The rate of assessment was per front foot.   The petitioner's predecessor in

title, Joseph A. Harwood, was the owner when the orders cited were passed and when the assessment was levied of a long strip of vacant land, chiefly adapted for residential purposes. Its frontage on the avenue was fourteen hundred and thirty-one and sixty-one one-hundredths feet and this was its main frontage. The levy included an assessment upon Joseph A. Harwood in respect of this land of $2,090.89 on the nine hundred and eighty-three and sixty one-hundredths feet on the northeast corner of Lauriat Avenue and of $952.36 on the four hundred and forty-eight and one one-hundredths feet on the southeast corner of Lauriat Avenue. When the petitioner acquired his title to the land does not appear. The petition was filed on July 15, 1904. The return, the allegations of fact in which it is agreed are to be taken as true, states that the construction of the sewer was of great and special benefit and advantage to the respective estates assessed, including the estate of the petitioner, and in excess of the amount of the assessments and that the petitioner has aquiesced in the assessments by using the sewer, and by making payment without protest of the annual apportionment of the assessments for five years.

1. The petitioner alleged some grounds for asking that the assessment be quashed which are not argued upon his brief, and which we treat as waived. These were that the city was estopped from making such an assessment by the provisions of a deed given to the city by Joseph A. Harwood on May 24, 1893, of so much of the land then owned by him as lay within the lines of the avenue, and that the method of doing the work of construction was not according to law.

2. The petitioner now contends that the assessment was wholly void for want of legislative authority, St. 1891, c. 323, St. 1892, c. 402, and St. 1897, c. 426, having been declared unconstitutional, citing *Weed* v. *Mayor & Aldermen of Boston,* 172 Mass. 28; *Sears* v. *Street Commissioners,* 173 Mass. 350, and *Lorden* v. *Coffey,* 178 Mass. 489.

In the first place it is to be noted that there is no ground for contending that the assessments upon Joseph A. Harwood in the present instance offended against any constitutional provision whatever. The assessment was for not more than the cost of the public work. It was only in respect of the special benefit and

advantage caused to the respective estates assessed, by the construction of the public work. It was in every instance for an amount less than the special benefit so caused. As the sewer was in a street, the assessment by the front foot was a proportionate assessment.

The constitutionality of St. 1891, c. 323, was considered in *Weed* v. *Mayor & Aldermen of Boston,* 172 Mass. 28, but all that there was decided was that where a sewer had been laid not in a street but in a strip of private land taken for the purpose the method of laying the assessments prescribed by the statute is unreasonable and disproportionate and that the statute in this respect is unconstitutional. But St. 1891, c. 323, § 15, was amended by St. 1892, c. 418, § 8, and in *Lorden* v. *Coffey,* 178 Mass. 489, was declared unconstitutional because under it the whole assessment might be greater than the whole benefit to the property assessed. It was also held in *White* v. *Gove,* 183 Mass. 333, that St. 1892, c. 402, providing for sewer assessments in Boston was void for unconstitutionality irrespective of its application to particular cases. St. 1897, c. 426, was so held in *Sears* v. *Street Commissioners,* 173 Mass. 350.

It is hard to be certain under what statute the superintendent of streets deemed he was acting in levying the assessment of August 18, 1898. But as the work was done under an order of the commissioners which purported to rest upon the provisions of St. 1891, c. 323, and its amendments, we infer that the tax was supposed to be laid under St. 1891, c. 323, § 15, as amended by St. 1892, c. 418, § 8, and that the reason why the assessment was for the cost of the sewer only, and not for the whole cost of constructing the street, was that all the abutters had made a similar arrangement with that indicated by Joseph A. Harwood's deed of May 24, 1893, and that the city authorities construed that arrangement to leave the city at liberty to assess a betterment tax for the cost of the sewer but not for the cost of relocating, establishing the grade of and constructing the street. However this may be we assume in favor of the petitioner that the legislative authority, which when the assessment was made was supposed to sustain it, is now shown by the decisions cited not to have existed.

The writ for which the petitioner asks is not a writ of right

and is issued only when it is shown that substantial justice requires it.

From the stipulation in the deed of May 24, 1893, and the fact that the city authorities saw fit to assess only the cost of construction of the sewer it seems probable that there was some special agreement between the petitioner's predecessor in title and the city, under which the then owner of the land was content with the assessment and did not wish to contest its validity. At any rate the petitioner himself has paid without protest five of the ten payments into which the tax has been apportioned, and has made use of the sewer. This use was in effect an assertion on his part that he had a right to use it because of the existence of the assessment. Just what practical advantage is to be gained by quashing the assessment it is difficult to see. Although he did not wait quite six years he did wait so long that it is probable that the quashing of the assessment at the present time might occasion legal complications. As there was no legal objection to the tax on general principles except that the statute under which it was laid was void because unfair and illegal assessments might be laid under it, there is no reason of substantial justice for us to quash the assessment. We think therefore that the decision of the justice who heard the case should stand.

*Order dismissing the petition to stand.*