CHARLES G. SMITH vs. CITY OF BOSTON.

Suffolk.    November 16, 1906. — January 4, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Judgment.    Certiorari.    Tax,* Sewer assessments.  *Sewer.    Boston.*

A decision of this court on a petition for a writ of certiorari to quash a sewer assessment made under a statute alleged to be unconstitutional, refusing to grant the writ on the ground that, assuming the law to be unconstitutional, yet because of the laches of the petitioner and the circumstances of the case substantial justice did not require the quashing of the assessment on that petition, in no way sustains the validity of the statute, and cannot be used to defeat an action seasonably brought by the owner of other land affected by the same assessment to recover the amount of such assessment paid by him under protest on the ground that the statute is unconstitutional.

An assessment for sewer construction in the city of Boston made in 1898 under St. 1891, c. 323, and acts in amendment or addition thereto, and not reassessed under St. 1902, c. 527, is void, and a sum of money paid under protest upon such an assessment may be recovered from the city of Boston, although the assessment was made under the same order as the assessment disputed in *Harwood* v. *Donovan,* 188 Mass. 487, where this court refused, in view of the laches of the petitioner and the circumstances of that case, to grant a writ of certiorari to quash the assessment.

CONTRACT against the city of Boston for a sewer assessment paid under protest.   Writ dated October 25, 1904.

In the Superior Court the case was tried before *Bell,* J., without a jury, on certain agreed facts and evidence offered by the defendant.   The assessment was for a sewer in Blue Hill Avenue and was made under the same order which was before this court in the case of *Harwood* v. *Donovan,* 188 Mass. 487, although upon a different lot.

The facts agreed were as follows:

On June 29, 1895, and December 27, 1895, the board of street commissioners of the city of Boston passed certain orders, declared to be under St. 1891, c. 323, and acts in amendment or addition thereto, ordering the construction of a portion of Blue Hill Avenue and of a sewer therein.   The work was completed by the superintendent of streets of that city on August 18, 1898, and on that date the superintendent of streets made an order of assessment which assessed upon the land of the plaintiff's predecessor in title, one Grant, the sums of $526.31 and $91.47.

The board of aldermen of the city of Boston never ordered the construction of the sewer referred to in the above order. The land so purporting to be assessed came by mesne conveyance to the plaintiff, who received a deed thereof on May 5, 1904.

On October 15, 1904, the plaintiff paid to the city of Boston under written protest the sums of $389.47 and $67.15, being the unpaid balance of the assessments upon his land. The plaintiff personally has never, nor have any of his predecessors in title to the lot, or any part of it, made any entry into or use of the sewer. One McDevitt, being the owner of a lot fronting on Blue Hill Avenue under a deed from the plaintiff, on November 21, 1904, applied for a permit to enter, and did enter, a drain from his lot into the sewer.

In doing the work in the construction of the sewer the superintendent of streets made contracts to the number of sixteen, under which the amount paid the contractors was $58,585.52. The total cost of the sewer was $90,379.64. The excess over the amount paid the contractors was expended by the city without contract, except that the materials furnished by the city therefor were bought by contract in large quantities after advertisement and furnished to and charged to the work at contract prices.

The plaintiff's predecessor in title had, by deed dated May 24, 1893, conveyed to the city of Boston so much of the parcels of land then owned by him as lay within the limits of Blue Hill Avenue as laid out under the orders for a public highway, which deed contains the following condition: " The condition upon which this release and conveyance is made and accepted is that any betterments on account of relocating, establishing the grade of, and constructing said street as aforesaid assessed upon any estate owned by the undersigned shall be assumed by the city of Boston, and the undersigned saved harmless therefrom."

The defendant offered evidence tending to show that the benefit from the construction of the sewer to the petitioner's land was greater than the assessment. This was all the evidence offered by either party besides the agreed facts.

At the close of the evidence the defendant asked the judge

to rule that on all the evidence the plaintiff was not entitled to recover. The judge refused so to rule, and found for the plaintiff in the sum of $484.02; and the defendant alleged exceptions.

*P. Nichols,* for the defendant.

*W. Bolster,* for the plaintiff, submitted a brief.

SHELDON, J.   In view of the decisions of this court, it is not now disputed that the statutes under which the assessment in question was laid were unconstitutional and void so far as they purported to authorize such an assessment. St. 1891, c. 323. *Lorden* v. *Coffey,* 178 Mass. 489. *Harwood* v. *Street Commissioners,* 183 Mass. 348. St. 1892, c. 418. *White* v. *Gove,* 183 Mass. 333. St. 1897, c. 426. *Sears* v. *Street Commissioners,* 173 Mass. 350. And it was decided in *Dexter* v. *Boston,* 176 Mass. 247, that under such circumstances a sewer assessment which has been paid, as here, under protest, may be recovered back in an action of contract. Such assessments have been not infrequently avoided on collateral proceedings. *Lorden* v. *Coffey,* 178 Mass. 489. *Ahearn* v. *County of Middlesex,* 182 Mass. 518. *White* v. *Gove,* 183 Mass. 333. These principles would be sufficient to entitle the plaintiff to recover if nothing more appeared.

But this assessment was made in August, 1898; and in July, 1904, one Harwood, the owner of other land affected thereby, brought a petition for a writ of certiorari to quash the assessment, upon the same grounds which are now relied upon; and this court, though assuming the validity of those contentions, declined to issue the writ and dismissed the petition, holding that certiorari was not a writ of right, and that in view of the petitioner's laches and the circumstances of that case, substantial justice did not require the quashing of the assessment. *Harwood* v. *Donovan,* 188 Mass. 487. The defendant's counsel now contends that the decision of that case was tantamount to a judgment sustaining the validity of the assessment by which all parties, including the plaintiff in the case at bar, are bound. He relies upon some expressions in the opinions of the court in the cases of *Brewer* v. *Boston, Clinton & Fitchburg Railroad,* 113 Mass. 52, 57, and *Taber* v. *New Bedford,* 135 Mass. 162, 164. He argues further that the plaintiff must show that this assessment was void not only when laid, but also on the day of its

payment in October, 1904, and that on this last date, though vulnerable at first, it had under the decision of this court in *Harwood* v. *Donovan, ubi supra,* become crystallized by lapse of time and general acquiescence into complete validity.

The fallacy of the defendant's argument is that it rests upon the assumption that the court by its decision in *Harwood* v. *Donovan* sustained the validity of the assessment in question. But this is not so; on the contrary, the court assumed its invalidity and simply declined to quash it upon the request of that petitioner. If the assessment had been merely voidable and so good until it should be quashed, doubtless this result would have taken nothing from its validity and would have left it in full force and effect. But it was more than voidable; it was void from the beginning, as appears by the cases already referred to. The superintendent of streets had no jurisdiction to make this order. The effect of the decision in *Harwood* v. *Donovan* was simply to leave the assessment in its original position, not to endow it with any new strength. This order stands on exactly the same footing as an order made by county commissioners; and the distinction between an order or adjudication of such a tribunal which is only voidable and one which is utterly void was pointed out in the recent case of *Ahearn* v. *County of Middlesex,* 182 Mass. 518. In the opinion in that case Knowlton, C. J. said: "It never has been held that proceedings wholly outside the jurisdiction of a board of county commissioners would be held good until set aside upon a writ of certiorari. The distinction lies between proceedings which are irregular, informal, and erroneous in matters within their jurisdiction, and those that are void because done without jurisdiction. It would hardly be contended that action of such a tribunal under an unconstitutional statute would be held unimpeachable in collateral proceedings." In that very case the court had declined to quash the proceedings of the county commissioners upon a petition for a writ of certiorari; *Watertown* v. *County Commissioners,* 176 Mass. 22; and yet it overthrew their order upon a collateral proceeding in the case just referred to of *Ahearn* v. *County of Middlesex,* 182 Mass. 518.

The defendant has properly not claimed that it is of any consequence whether the actual benefit to the petitioner's land from

the construction of the sewer did or did not exceed the amount of the assessment, or that there is any materiality in the fact that a person claiming under the plaintiff has since the rights of the parties became fixed made use of the sewer.  And it should be added that this special tax has not been, if it could have been, reassessed under St. 1902, c. 527, and no question arises as to what the effect of such a reassessment would have been. *Warren* v. *Street Commissioners*, 187 Mass. 290.  *Maloy* v. *Holl*, 190 Mass. 277.

*Exceptions overruled.*