### CHARLES NOLAN'S CASE.

Suffolk.   Feb. 28. — March 7, 1877.   COLT & LORD, JJ., absent.

The St. of 1874, c. 258, § 1, so far as it gives to the trial justices of juvenile offenders of Suffolk County exclusive jurisdiction of offences punishable by imprisonment in the state prison, is unconstitutional.

HABEAS CORPUS of a boy under seventeen years of age, who had been tried, convicted and sentenced in the Superior Court, for Suffolk County, to imprisonment for six months in the house of correction, upon an indictment for breaking and entering an unoccupied house, and, upon this sentence, had been delivered into the custody of the sheriff, to be delivered by him to the keeper of the house of correction for such imprisonment.

Hearing before *Endicott*, J., who reserved the case for the consideration of the full court.

*L. M. Child*, for the petitioner, contended that the petitioner's offence was within the exclusive jurisdiction of the trial justices for juvenile offenders under the St. of 1874, c. 258 ; and that the proceedings were contrary to law.

*W. C. Loring*, Assistant Attorney General, *contra*.

MORTON, J.   The St. of 1874, c. 258, § 1, provides that "the trial justices of juvenile offenders of Suffolk County shall have exclusive jurisdiction of all offences committed in said county against the laws of the Commonwealth, by minors under seventeen years of age, and may impose such punishment as the said laws, now or hereafter in force, may provide for such offences, except when the laws provide that an offence may be punished by death or imprisonment for life."

It is clear that the clause beginning with the word "except," was intended as a limitation of the jurisdiction of trial justices of

juvenile offenders, and not merely as a limitation of their power of punishment; otherwise, it would leave offences, which may be punished by death or imprisonment for life, without the jurisdiction of any tribunal which could impose punishment for them. The statute must be construed as though it provided that the trial justices of juvenile offenders of the county of Suffolk shall have exclusive jurisdiction of all offences committed in said county against the laws of the Commonwealth, by minors under seventeen years of age, except when the laws provide that an offence may be punished with death or imprisonment for life, and may impose such punishment as the said laws now or hereafter in force may provide for such offences.

Before this statute was passed, the jurisdiction in the county of Suffolk, of offences committed by juvenile offenders, not punishable by death or imprisonment for life, was vested in the Superior Court, the municipal courts, the judge of the Probate Court and the trial justices of juvenile offenders. Gen. Sts. *c.* 76. Sts. 1870, *c.* 359; 1872, *c.* 358.

The language of this statute, that " the trial justices of juvenile offenders of Suffolk County shall have exclusive jurisdiction of all offences," by its natural import excludes the jurisdiction of any other tribunal over the offences described. The language used is direct and plain, and we cannot find in the context or in other statutes *in pari materia* any sufficient evidence of an intention of the Legislature to use it in any other than its ordinary and natural meaning. We are therefore of opinion that, by this statute, the Legislature intended to take from the Superior Court its original jurisdiction in the county of Suffolk, of all offences committed by minors under the age of seventeen years, except where the offence may be punished by death or imprisonment for life.

The next question is whether the statute, by its proper construction, provides that trial justices of juvenile offenders may, if such offender is proved to be an unfit subject for the State Reform School or other reformatory institution, sentence him to the state prison. The provision is that they " may impose such punishment as the said laws, now or hereafter in force, may provide for such offences."

This language naturally imports that for any offence within their jurisdiction they may impose such punishment as any tribunal may by law impose for the same offence; so that, if the offence is of a grave character, such as burglary or aggravated larceny, for which the Superior Court might by law sentence the offender to imprisonment in the state prison for a term of years, the trial justices of juvenile offenders may, in their discretion, impose the same punishment. We must say of this, as of the previous provision, that the language used is direct and plain ; and, after a careful examination of the numerous statutes as to juvenile offenders, we cannot find in them, or in the context of this statute, any satisfactory evidence that the Legislature intended to use the language in any other than its obvious and ordinary meaning.

We are therefore of opinion that the statute purports to give to trial justices the right in some cases to impose the punishment of imprisonment in the state prison for a term of years, without any indictment or presentment by a grand jury.

In *Jones* v. *Robbins*, 8 Gray, 329, it was held that a statute purporting to give an inferior tribunal jurisdiction to impose the punishment of imprisonment in the state prison, without presentment by a grand jury, is unconstitutional and void, being in violation of the twelfth article of the Declaration of Rights. The subject was elaborately discussed in that case, and it is sufficient to refer to it. It follows that the St. of 1874, so far as it attempts to confer such power upon the trial justices of juvenile offenders, is unconstitutional, and therefore the whole of the first section is void, unless we can regard the two parts as distinct and independent.

We cannot so regard them. The possession of exclusive jurisdiction of an offence necessarily involves the power to punish the offence. If we were to hold that the first part of this statute, conferring exclusive jurisdiction, was valid, and that the other part, conferring the power of punishment, was invalid, it would follow that aggravated offences, for which the punishment by law is imprisonment in the state prison, if committed by minors who are unfit subjects for the Reform School, could not be punished at all, or, if at all, only by the punishment provided for minor offences. We cannot think that the Legislature

intended this, and must therefore hold that the two parts of this enactment are not distinct and independent, but that they are mutually dependent and must stand or fall together. *Jones* v. *Robbins, ubi supra. Warren* v. *Mayor & Aldermen of Charlestown,* 2 Gray, 84.

For these reasons, we are constrained to hold that § 1 of the St. of 1874, *c.* 258, so far as it affects offences punishable by an infamous punishment, is unconstitutional and void. Being inoperative and void, it had no effect to repeal or modify the statutes previously existing ; and, as by the previous statutes the Superior Court had original jurisdiction of the offence for which the prisoner was indicted, it follows that such jurisdiction remains, and that the prisoner was lawfully sentenced.

*Prisoner remanded.*