COMMONWEALTH vs. JEREMIAH HORREGAN.
SAME vs. MICHAEL TOOMEY.

Worcester.   Sept. 30. — Oct. 23, 1879.   ENDICOTT & LORD, JJ., absent.

The Sts. of 1870, c. 359, § 11, and 1872, c. 358, relating to juvenile offenders, so far as they purport to give to inferior tribunals jurisdiction of offences punishable by infamous punishment, are unconstitutional.

SOULE, J.   The St. of 1870, c. 359, § 11, provides that " when a boy" under the age of seventeen years "is convicted by a judge of the probate court of any offence," "he may be sentenced and committed to any institution established by authority of the laws of the Commonwealth for the reformation of juvenile offenders; or, if below the age of twelve years, to the state reform school;" "or, in the discretion of the judge, to such other punishment as is provided for the offence." By the St. of 1872, c. 358, the governor is authorized to designate and commission the judges of municipal, district and police courts to try juvenile offenders, and it is provided that such judges, so designated and commissioned, shall have and exercise concurrent jurisdiction, duties, powers and authority, in their respective counties, with the judges of probate courts in all cases of juvenile offenders under seventeen years of age.

It was conceded at the argument that, under the statute last above cited, the Central District Court of Worcester had jurisdiction to try the defendants on the complaints in the cases at bar, and sentence them, unless the St. of 1870, *c.* 359, § 11, is unconstitutional. The defendants are charged in the complaints with wilfully and maliciously destroying and injuring the personal property of another, to wit, four leather belts, of the aggregate value of two hundred dollars, by cutting said belts into pieces. The complaints therefore charge the commission of the offence described in the Gen. Sts. *c.* 161, § 85, which is thereby made punishable "by imprisonment in the state prison not exceeding five years, or by fine not exceeding one thousand dollars and imprisonment in the jail not exceeding one year; provided, that when the value of the property so destroyed or injured is not alleged to exceed the sum of fifteen dollars, the punishment shall be by fine not exceeding fifteen dollars, or imprisonment in the jail not exceeding thirty days." It is plain, therefore, that the St. of 1870, *c.* 359, § 11, is broad enough in its terms to invest judges of probate with authority to try, without a jury, and without previous indictment, boys charged with offences punishable by imprisonment in the state prison; and that the St. of 1872, *c.* 358, gives the same authority to judges of district courts, specially designated and commissioned therefor. *Nolan's case,* 122 Mass. 330. The repeal of the last-named statute is expressly so limited as not to impair the jurisdiction of any police, municipal or district court. St. 1877, *c.* 211, § 9. In *Jones* v. *Robbins,* 8 Gray, 329, it was held that a statute which purports to give an inferior tribunal juris diction to impose the punishment of imprisonment in the state prison, without presentment by a grand jury, is unconstitutional and void, being in violation of the twelfth article of the Declaration of Rights. It follows that the St. of 1870, so far as it attempts to give such power to judges of the probate courts, and the St. of 1872, so far as it attempts to give such power to the judges of police, district and municipal courts, are unconstitutional, and that § 11 of the St. of 1870, *c.* 359, is void, so far as offences punishable by infamous punishment are concerned, unless the two parts are distinct and independent. But if it were held that that part of these statutes which confers jurisdiction was valid, and that the part which gives the power to punish

was invalid, it would follow that juvenile offenders guilty of grave offences, and unfit persons to be sent to any reformatory institution, could be tried and convicted by tribunals which have no authority to inflict the appropriate punishment. The Legislature cannot have intended this result, and we cannot, therefore, regard the two parts of the statute as distinct and independent. *Nolan's case, ubi supra.*

For these reasons, we are of opinion that the St. of 1870, *c.* 359, § 11, and the St. of 1872, *c.* 358, so far as they affect offences punishable by an infamous punishment, are unconstitutional and void. It follows that they had no effect to give final jurisdiction to the Central District Court of Worcester of the offence charged in the complaints against the defendants. The finding of the jury, that the value of the property destroyed was less than fifteen dollars, does not remove the difficulty, because the punishment which may be inflicted is made by the Gen. Sts. *c.* 161, § 85, to depend on the value alleged in the complaint or indictment, and not on the value found by the jury.

*Judgment arrested.*

*J. Hopkins,* for the defendants.

*G. Marston,* Attorney General, for the Commonwealth.