COMMONWEALTH *vs.* BENJAMIN D. WASHBURN.

Norfolk. Jan. 27. — Feb. 27, 1880. MORTON & SOULE, JJ., absent.

A complaint, which does not set forth the facts necessary to constitute an offence, except by reference to a statute, the year of which is wrongly given, will not support a conviction; and the objection may be taken for the first time at the trial in the Superior Court on appeal.

COMPLAINT to a trial justice, averring that the defendant, on August 15, 1878, at Needham, "did keep a male dog, contrary to the provisions of the statute passed in the year 1868, being chapter 130 of the Acts of the General Court of said Commonwealth, passed in that year, and entitled ' An Act concerning dogs, and for the protection of sheep and other domestic animals,' in that he, the said Washburn, being on the first day of May, 1878, the owner of a male dog, and keeping the same in said Needham, and having from said first day of May, 1878, to the fifteenth day of August, 1878, owned and kept said dog as aforesaid, did refuse and neglect to cause said dog to be registered, numbered, described and licensed, as prescribed by said statute."

No objection was taken to the complaint before the trial justice, who found the defendant guilty.

At the trial in the Superior Court, on appeal, before *Pitman,* J., it appeared that there was no such statute of the year named as alleged in the complaint. The defendant asked the judge to rule that the complaint set forth no offence, and that the evidence did not support the complaint. The judge declined so to rule; the jury returned a verdict of guilty; and the defendant alleged exceptions.

*B. D. Washburn, pro se.*

*G. Marston,* Attorney General, for the Commonwealth.

GRAY, C. J. If the complaint had set forth the facts necessary to constitute an offence under the St. of 1867, *c.* 130, or under any other law of the Commonwealth, the mistake in stating the year of the passage of the statute might have been deemed to be either surplusage, which might be disregarded, or else a formal defect, which, not having been objected to before the trial

justice, could not be availed of in the Superior Court.    2 Hale
P. C. 172.    St. 1864, c. 250, § 2.    Commonwealth v. Walton, 11
Allen, 238.

But this complaint in no way avers or shows that the defend-
ant has been guilty of any offence whatever, nor even what acts
he has done or omitted to do, except by reference to the pro-
visions of a statute passed in the year 1868, which is referred to,
not merely as a law governing the case, (of which, if it existed,
the court might be bound to take notice,) but as the only descrip-
tion in fact of the acts or omissions of the defendant.    There
being no statute of that year upon the subject, the complaint, if
not bad in substance, as matter of law, is unsupported by the
evidence, as matter of fact.    2 Hawk. c. 25, § 104.    Gould Pl.
c. 3, § 171.    Commonwealth v. Hartwell, ante, 415.

*Exceptions sustained.*