## COMMONWEALTH *vs.* HUNGERFORD LUTTON.

Bristol.    October 26, 1892. — November 23, 1892.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Oleomargarine and Butterine — Exposing for Sale without License — Statute —*
*Complaint.*

Oleomargarine and butterine are "provisions," within the meaning of the Pub.
Sts. c. 68, § 1; and a complaint on § 16, for going about carrying and exposing
them for sale without a license, cannot be sustained.

Where a bill of exceptions was inartificially drawn, this court construed it as
intended to raise the question which the court decided.

COMPLAINT, on the Pub. Sts. c. 68, § 16, to the First District
Court of Bristol, alleging that the defendant, on November 17,
1891, at Easton, " did go about from place to place carrying and
exposing for sale oleomargarine and butterine," the defendant
" not having then and there any license, appointment, or other
authority according to law to so carry and expose for sale said
oleomargarine and butterine, against the peace," etc.

At the trial in the Superior Court, on appeal, before the jury
were impanelled, the defendant moved to quash the complaint,
for the following reasons: " 1. It describes no offence known to
the law.    2. As a complaint under the law against hawkers and
pedlers, Pub. Sts. c. 68, § 16, it cannot be sustained, because the
provisions of that law do not now apply to the sale of oleomar-
garine and butterine."    *Braley*, J. overruled the motion.

The jury returned a verdict of guilty; and the defendant
alleged exceptions.

*J. A. McGeough*, for the defendant.

*C. N. Harris*, Second' Assistant Attorney General, for the
Commonwealth.

BARKER, J.    The complaint does not 'refer to any statute
except in the most general terms.    The defendant contends, and
the government concedes, that it is based upon the Pub. Sts.
c. 68, § 16.    The St. of 1886, c. 317, § 4, requires that every
person who conveys· oleomargarine or butterine in carriages or
otherwise, for the purpose of selling the same in any city or

town, shall be licensed by the inspectors of milk of such city or town to sell the same within the limits thereof. But the remainder of the section makes it clear that it was intended to apply only to sales from carriages or other vehicles. As the present complaint has no allegation that the defendant carried or exposed the articles in a carriage or other vehicle, it could not be sustained as a complaint under the St. of 1886, c. 317, § 4, and we consider it as based upon the Pub. Sts. c. 68, § 16. So considered, it cannot be sustained. Oleomargarine and butterine are provisions. The word includes all articles of food. The articles with which it is charged the defendant went about, and which he exposed and sold, are therefore included among those which any person may go about selling or exposing for sale under the authority of the Pub. Sts. c. 68, § 1; and the acts charged are not prohibited by the Pub. Sts. c. 68, § 16. The complaint therefore alleges no offence, and the defendant cannot be convicted under it. His bill of exceptions is inartificially drawn, but we construe it as intended to raise the question here decided. See *Commonwealth* v. *Washburn*, 128 Mass. 421.

*Exceptions sustained.*