HERBERT J. HARWOOD *vs.* STREET COMMISSIONERS OF THE CITY OF BOSTON.

Suffolk.    December 9, 1902. — May 22, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Constitutional Law*, Assessments.

An assessment for street and sewer benefits from the construction of a street in the city of Boston, made under and in accordance with the provisions of St. 1891, c. 323, is void, that statute being in violation of the Constitution of the Commonwealth.

PETITION, filed February 5, 1902, for a writ of certiorari against the street commissioners of the city of Boston, to quash

an assessment for street and sewer benefits from the construction of Lauriat Avenue in that part of Boston called Dorchester.

The case came on to be heard before *Hammond*, J., who by agreement of the parties reserved it for determination by the full court, upon the petition and answer with their respective exhibits and a statement of agreed facts.

The case was argued at the bar in December, 1902, before *Knowlton, Morton, Lathrop, Barker, & Hammond*, JJ., and afterwards was submitted on briefs to all the justices except *Braley*, J.

*W. Bolster*, for the petitioner.

*T. M. Babson*, for the respondents.

KNOWLTON, C. J.    This is a petition for a writ of certiorari to quash an assessment for the construction of a street with a sewer running through it, under the St. 1891, c. 323, as amended by the St. 1892, c. 418.    The assessment was made on January 8, 1900, the order of construction having been made on September 7, 1895, the work of the sewer having been begun on September 30, 1895, and finished on June 1, 1896, and the work of the street having been begun on October 5, 1896, and finished on June 1, 1897.

In *Lorden* v. *Coffey*, 178 Mass. 489, this statute, in that part which provides for assessments upon land of abutting owners, was held to be unconstitutional, inasmuch as it directs the assessment of the whole cost of the street and the sewer upon the abutters, without reference to the benefits which they receive, even if the cost is much greater than the amount of the special benefits to the abutting property.    It is contended that the decision of the Supreme Court of the United States in *French* v. *Barber Asphalt Paving Co.* 181 U. S. 324, should induce us to overrule *Lorden* v. *Coffey*.

But, as was pointed out in *White* v. *Gove, ante*, 333, this decision has no bearing upon the recent decisions of this court under the Constitution of Massachusetts.    And we must hold the statute unconstitutional in that part which directs assessments upon the abutters.

The question is raised whether the assessment in the present case was made under this statute, or under the St. 1899, c. 433. We think it appears pretty plainly that it was intended to be

made under the earlier statute. The order of assessment recites that the commissioners are "acting under the provisions of chapter 323 of the Acts of 1891, and acts in amendment or addition thereto," and then goes on to determine the assessable cost in a way required by the earlier statute, but in direct violation of the later statute. The order includes the costs of both the street and the sewer, while the St. 1899, c. 433, amends the St. 1891, c. 323, as previously amended, by striking out the section, and enacting one which makes the assessable cost of the work "the actual reasonable expenses incurred by the city, for land damages, for subgrading, surfacing, and laying the roadways, gutters, sidewalks, and edgestones," and which does not include any part of the expense of the sewer. There is no rational theory upon which it can be held that the street commissioners were acting under the later statute when their proceedings were in utter disregard of it, and were in the form prescribed by the earlier statutes.

If we seek to bring their action under the later statute because that was the only one then in force, we are met by the fact that they made an assessment about twice as large as they had a right to make, because they included the cost of the sewer with the cost of the street, and by the additional fact that there is nothing in their proceedings purporting to determine for each parcel of land the value of the special benefit and advantage to the property, as the statute required them to do. We can find no foundation in law for this assessment as it was made, whether we treat it as made under the earlier or later statute.

The St. 1902, c. 527, seems to make ample provision for a reassessment of the benefits upon equitable principles, and in the opinion of a majority of the court the proceedings before us must be set aside.

*Writ of certiorari to issue.*