### FRANCIS M. EDWARDS *vs.* GEORGE E. BRUORTON.

Suffolk.    November 12, 1903. — January 6, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Constitutional Law.    Boston.*

The unconstitutionality of the provision for the assessment of betterments in St. 1891, c. 323, St. 1892, c. 418, relating to the location, laying out and construction of highways in the city of Boston, does not affect the validity of the other provisions of that statute.

The provision of St. 1891, c. 323, § 9, St. 1892, c. 418, § 4, that no damage occasioned by the establishment or change of grade of a highway in the city of Boston shall be recovered by the owner of a building erected within the boundaries of any way shown on any of the plans previously filed by the street commissioners under that statute, and not removed at the expense of the owner on notice from the commissioners, is unconstitutional and void, but its unconstitutionality does not affect the validity of the other provisions of that statute, relating to the location, laying out and construction of highways in that city.

CONTRACT for alleged breach of the covenants in a deed, conveying two parcels of land on or near Audubon Road in the city of Boston.    Writ dated April 15, 1903.

In the Superior Court the case was heard by *Mason*, C. J., without a jury.    He refused the defendant's requests for rulings, and found for the plaintiff in the sum of $14,500.    The defendant alleged exceptions, raising the questions stated by the court.

*B. D. Barker*, for the defendant.

*O. O. Partridge*, for the plaintiff.

KNOWLTON, C. J.    This is an action of contract for breach of a covenant in a deed.    A public street called Jersey Street was laid out by the street commissioners of Boston, over a part

of the premises, under the authority of St. 1891, c. 323, and the St. 1892, c. 418, and other amendatory acts, and the existence of this street constitutes a breach of the covenant in the deed if the statute gave the board authority to lay it out. It is contended that the statute is unconstitutional in two particulars, first, that it purports to authorize an assessment of the whole cost of construction as a betterment tax upon property benefited, without reference to the amount of the benefits; and secondly, because in § 9 it provides that no compensation shall be given for land taken for a street, if the owner, after the filing of a plan in accordance with the statute, shall erect any building within the boundaries of any way and not remove it when required by the street commissioners. It is further contended that these unconstitutional provisions render the entire statute void.

It has been held repeatedly that the statute is unconstitutional in that part which directs an assessment upon abutters, because the assessments are to be made without reference to benefits received. *Lorden* v. *Coffey*, 178 Mass. 489. *White* v. *Gove*, 183 Mass. 333. *Harwood* v. *Street Commissioners*, 183 Mass. 348. The question now before us is whether this is a defect which renders the whole of the statute unconstitutional, or only that part of it which provides for the assessment. The general rule of law applicable to the question is familiar. It is that if the different parts of a statute are separable, so that the part which is unobjectionable can well stand alone, and if it is so far independent of the part which is unconstitutional that the Legislature presumably would have enacted it without the other, if they had known that the other was unconstitutional, the act can be given effect in the part which is unobjectionable and set aside only in the other part. If, on the other hand, the valid and invalid parts " are so mutually connected with and dependent on each other . . . as to warrant a belief that the Legislature intended them as a whole, and that, if all could not be carried into effect, the Legislature would not pass the residue independently, . . . all the provisions which are thus dependent . . . must fall." *Warren* v. *Mayor & Aldermen of Charlestown*, 2 Gray, 84, 99. *Fisher* v. *McGirr*, 1 Gray, 1, 21. *Commonwealth* v. *Clapp*, 5 Gray, 97, 100. *Commonwealth* v. *Hitchings*,

5 Gray, 482, 485, 486. *Sparhawk* v. *Sparhawk*, 116 Mass. 315, 320. *Nolan's case*, 122 Mass. 330. *White* v. *Gove*, 183 Mass. 333. The cases in which the doctrine has been applied are numerous, and some of them present difficulties of determination upon the question whether the valid and invalid parts of the statute are essentially and inseparably connected in substance. In statutes providing for the expenditure of money for the benefit of the public, containing an unconstitutional provision for raising money by taxation, it has been held in different jurisdictions that the invalid part may be disregarded and the substantial part enforced, leaving payment to be provided for in a constitutional way. This was decided in *Loeb* v. *Columbia Township*, 179 U. S. 472, a case in which an avenue was widened under a statute providing that the cost should be assessed on the abutters, which was assumed to be unconstitutional in that particular. A similar application of the principle is found in *Gordon* v. *Cornes*, 47 N. Y. 608, 617, *Matter of Oneida Street*, 37 App. Div. (N. Y.) 266, *Skaneateles Water Works Co.* v. *Skaneateles*, 161 N. Y. 154, 170, *Sparrow* v. *Commissioner of State Land Office*, 56 Mich. 567, 572, *State* v. *District Court*, 66 Minn. 161, 165, *Huntington* v. *Worthen*, 120 U. S. 97, 102, and *People* v. *Knopf*, 183 Ill. 410, 422. A few of the analogous cases dealing with subjects other than taxation are *Cole* v. *County Commissioners*, 78 Maine, 532, 538, *New England Engineering Co.* v. *Oakwood Street Railway*, 75 Fed. Rep. 162, 167, and *Field* v. *Clark*, 143 U. S. 649, 692, 697. Cases dealing with the general question, in which the whole statute was held void, are *Warren* v. *Mayor & Aldermen of Charlestown*, 2 Gray, 84, 99, 100, *Nolan's case*, 122 Mass. 330, *Meshmeier* v. *State*, 11 Ind. 482, 485, *Slauson* v. *Racine*, 13 Wis. 398, 404, *State* v. *Montgomery*, 94 Maine, 192, *Copeland* v. *St. Joseph*, 126 Mo. 417, and *Reelfoot Lake Levee District* v. *Dawson*, 97 Tenn. 151.

The cases first cited, in their application of the principle, fully cover the case at bar. The defective part of the statute with which we are now dealing, relates only to the mode of taxation by which the money shall be raised to pay for the streets laid out and constructed. It provides an unconstitutional mode of special taxation. If that mode cannot be adopted, it is not to

be presumed that the Legislature intended that no street should be laid out under the statute. If streets are needed and laid out they can be paid for by general taxation, or a proper mode of special taxation can be prescribed. In this Commonwealth it never has been held or intimated by the court that a defect in the mode of taxation prescribed for meeting the expense of constructing a street or sewer should render the whole proceeding invalid. The contrary has always been assumed. In *Harwood v. Street Commissioners*, 183 Mass. 348, it was assumed in terms in reference to the statute now before us. See also *Weed v. Mayor & Aldermen of Boston*, 172 Mass. 28; *Hall v. Street Commissioners*, 177 Mass. 434; *Stark v. Boston*, 180 Mass. 293. The unconstitutionality of the provision for the assessment of betterments does not affect the validity of other parts of this statute.

The act provides compensation for persons whose land is taken for a street. St. 1891, c. 323, § 10. St. 1892, c. 418, § 5. It creates an exception to this general provision by declaring that if a building is erected within the boundaries of any way shown on any of the plans after the filing of the plan in accordance with the statute and not removed at the expense of the owner when required by the board of commissioners, no damage to the estate on which the building is, occasioned by the subsequent establishment or change of grade of any highway, shall be recovered by or paid to the owner of the estate. St. 1891, c. 323, § 9. St. 1892, c. 418, § 4. This was intended to prevent any use of property inconsistent with the plan after the filing of a plan and before the laying out of a way. If it could have that effect it might materially interfere with the use which an owner might desire to make of his estate for many years, after the filing of a plan and before the laying out of a way. The statute prescribes no compensation for this interference with private property. The Legislature cannot constitutionally so interfere with the use of property without giving compensation to the owner. This was held in reference to a similar statute in *Forster v. Scott*, 136 N. Y. 577, 583.

In the act before us there is no express prohibition of the owner's use of his property; but it is declared that if he uses it otherwise than in accordance with the plans of the street commissioners it may be taken from him for a way without giving

him compensation. This attempt to except him from the general rule in regard to the taking of property under the right of eminent domain is unconstitutional and ineffectual.

Here again we have the question whether the defect defeats the whole statute. It is connected with the scheme of the act as the assessment of betterments is connected with it, but we do not think it is so closely connected with it as to have been deemed by the Legislature an essential part of it. Without such a provision the filing of the plans would be likely in most cases to guide the owners in making erections upon their property. This unconstitutional part of the law is an exception which stands by itself. If the law is administered without it, the only change from the original enactment is that a person who has built, in the manner described, will receive his damages when the land is taken for a street, instead of being left without compensation. Although the subject is not free from difficulty, we are of opinion that this part of the act should be held so far separable from the other portions as to leave the remainder valid.

The two unconstitutional parts have no connection with each other, and although the fact that the statute is defective in these two particulars instead of in only one strengthens the argument against holding the other parts valid, we do not think it makes the argument insuperable.

We are of opinion that the street laid out became a legally located public way, and that its existence constitutes a breach of the covenant in the deed.

*Exceptions overruled.*