AMERICAN UNITARIAN ASSOCIATION *vs*. COMMONWEALTH.

Suffolk.    November 19, 20, 1906. — January 2, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Constitutional Law.    Statute.    Estoppel.*

A petitioner for damages on account of the limitation of the height of buildings on Bowdoin Street in Boston, under the provision of St. 1902, c. 543, § 2, giving damages to any person owning land on specified parts of certain streets " whose property is damaged more than it is benefited by the improvement of the State House, consisting of the limitation of the height of buildings on said land, the laying out and grading of said streets, the removal of buildings between Hancock Street and Bowdoin Street, the reconstruction and extension of the State House and the construction of the park between Bowdoin Street and the State House," is estopped from maintaining that the part of the statute requiring the deduction of the benefit received from previous improvements made under different statutes is unconstitutional ; as the petitioner has no standing in court except by the terms of the part of the statute requiring such deduction ; and also because the different parts of the statute are not separable and the court cannot say that the Legislature would have imposed the limitation on the height of buildings unless they had assumed that they could treat the changes made under different statutes as one general improvement and could make the restriction upon buildings a part of the improvement.    *Whether* it would be held, in case any one had the right to raise the question, that the Legislature thus could limit the compensation for a right of property taken to its value diminished by the value of the benefit received by the remaining estate from the general improvement, was declared to be a grave question which the court did not find it necessary to decide.

PETITION, filed November 11, 1902, under St. 1902, c. 543, § 2, alleging that the petitioner was on June 15, 1900, and at the time of the filing of the petition the owner of a tract of land with the buildings thereon at the corner of Beacon Street and Bowdoin Street in Boston known as number 25 Beacon Street, that this property is damaged by the laying out and grading of Bowdoin Street and the limitation of the height of buildings on the land " more than it is benefited by the improvement of the

State House, consisting of the limitation of the height of buildings on said land, the laying out and grading of said streets, the removal of buildings between Hancock Street and Bowdoin Street, the reconstruction and extension of the State House and the construction of the park between Bowdoin Street and the State House," and praying that the damages which it has sustained may be assessed by a jury of the Superior Court as provided in the acts referred to in the petition.

In the Superior Court the case was referred to Patrick H. Cooney, Esquire, as auditor. After the filing of his report, the case was heard by *Richardson,* J., without a jury. The petitioner put in evidence the auditor's report, and the respondent offered no evidence. An agreed statement of additional facts was filed by the parties. The judge found the facts, and the damages in the several alternatives, to be as set forth in the auditor's report and the agreed facts, and ruled *pro forma* that the petitioner was entitled to judgment in the sum of $11,570.46 with interest thereon from January 1, 1902, subject to the opinion of this court upon the questions raised in paragraphs 8, 9 and 10 of the auditor's report.

At the request of the parties, he reported the case for determination by this court upon the auditor's report, the agreed facts and exhibits, and the judge's finding of the facts and *pro forma* ruling on the law, such judgment to be entered as law and justice might require for such one of the sums stated in the alternatives found in the auditor's report as this court might determine that the petitioner was entitled to recover.

The paragraphs of the auditor's report mentioned in the report of the judge were as follows:

"8. At the trial the petitioner contended and requested the auditor to find and rule:

" I. That the only benefit to be considered in estimating the excess of damage over benefit is that arising from the change of grade and widening of Bowdoin Street and from the limitation of the height of buildings on other property under St. 1902, c. 543, § 1, on the ground that such benefit alone is in law special and peculiar to the petitioner's estate.

" The auditor declined to so find or rule, and found and ruled otherwise.

" If, however, the court shall be of opinion that the petitioner's contention is correct in law and that the ruling requested should have been made either in form or substance, then the auditor finds that the petitioner's said property was damaged more than it was benefited by the improvements in the additional sum of $12,000, and in that event the auditor finds and reports that the petitioner is entitled to recover the sum of $23,575.46 with interest thereon since January 1, 1902, instead of $11,570.46 as first stated.

" 9. The petitioner further contended and requested the auditor to find and rule:

" II. That, in estimating the excess of damage over benefit, the auditor is to consider only the benefit accruing under Sts. 1901, c. 525, and 1902, c. 543, which caused the damage, — that is, that he is under St. 1902, c. 543, § 2, to consider only the benefit from the limitation of the height of buildings on other estates by § 1, the laying out and grading of said streets, especially Bowdoin Street, under St. 1901, c. 525, § 1, as amended by St. 1902, c. 543, § 3, the removal of the buildings between Mount Vernon and Bowdoin Streets and the construction of the park between Bowdoin Street and the State House so far as it lies between Beacon Street and Beacon Hill Place under St. 1900, c. 382, §§ 1, 2, as amended by St. 1901, c. 525, § 1, and St. 1902, c. 543, § 3, and is not to consider the benefit from the removal of buildings between Hancock and Bowdoin Streets under Sts. 1888, c. 349, and 1892, c. 404, the reconstruction and extension of the State House under Sts. 1888, c. 349, and 1889, c. 394, and the construction of the park between Bowdoin Street and the State House so far as it lies between Beacon Hill Place and Derne Street under Sts. 1892, c. 404, and 1893, cc. 129, 450.

" The auditor declined to so find or rule, and found and ruled otherwise.

" But if the court shall be of the opinion that the first ruling requested was rightly refused and that the petitioner's second contention is correct in law and that the second ruling requested should have been made either in form or substance, then the auditor finds that the petitioner's said property was damaged more than it was benefited by the improvements to be considered in the additional sum of $6,000; and, in that event, the

auditor finds and reports that the petitioner is entitled to recover the sum of $17,570.46 with interest thereon since January 1, 1902, instead of either of the other sums hereinbefore stated.

"10. The petitioner also requested the auditor to rule:

"III. That, if the benefit accruing to its said property from all the improvements mentioned in St. 1902, c. 543, § 2, as a whole is to be considered in estimating the excess of damage over benefit, interest is to be added to said excess from the date of the beginning of said improvements by the extension of the State House under St. 1888, c. 349, § 1, and that the petitioner is therefore entitled to recover the sum of $11,570.46 with interest thereon from November 15, 1888, the date of the taking under said act.

"The auditor declined so to rule and ruled that the petitioner was entitled to interest only from January 1, 1902, as above found and reported."

The agreed facts were as follows:

1. The land from Hancock to Temple Street was taken on November 15, 1888, under St. 1888, c. 349, § 1, entry made thereon immediately thereafter to remove the buildings, and the State House reconstruction and extension thereon was built between 1888 and 1894.

2. The land from Temple Street to Bowdoin Street north of Beacon Hill Place to Derne Street was taken on June 16, 1892, under the act of 1892, c. 404, and the buildings thereon were removed and the park laid out under said act and the act of 1893, c. 129, between those dates and 1895.

3. The land between Mount Vernon Street and Bowdoin Street south of the Way estate to Beacon Street was taken on July 17, 1894, under St. 1894, c. 532, and the buildings thereon, and upon the Way estate, — which had been taken on May 26, 1883, under St. 1882, c. 262, — from Beacon Hill Place to Beacon Street were removed under St. 1900, c. 382, in the autumn and winter of 1900–1.

4. The petitioner never applied for, received or was awarded any damages under any of the acts above mentioned, and was not in fact damaged thereby or by anything done thereunder.

5. Bowdoin Street was widened on the westerly side to a width of forty feet and its grade lowered, and the park south

of Beacon Hill Place was laid out, between August, 1901, and the autumn of 1902.

6.  A diagram of the territory as it was before the removal of the buildings south of Beacon Hill Place is appended hereto marked Exhibit A, — the land affected by the limitation of the height of buildings under St. 1902, c. 543, § 1, being indicated by shading, and the westerly line of Bowdoin Street as widened being indicated by a dotted line.

*H. W. Putnam,* for the petitioner, in support of the contention that on a petition under the act for the assessment of damages the partial unconstitutionality of the act could be corrected and the erroneous part disregarded, cited *Monongahela Navigation Co.* v. *United States,* 148 U. S. 312; *County Court* v. *Griswold,* 58 Mo. 175; *Isom* v. *Mississippi Central Railroad,* 36 Miss. 300; *Brunswick Water District* v. *Maine Water Co.* 99 Maine, 371; *Tripp* v. *Overocker,* 7 Col. 72; *Cunningham* v. *Campbell,* 33 Ga. 625, 639; *Montgomery County* v. *Schuylkill Bridge Co.* 110 Penn. St. 54, 58, 59.

*T. M. Babson,* for the Commonwealth.

KNOWLTON, C. J.   This is a petition for an assessment of
damages to property, under the St. 1902, c. 543, § 2.   The prin-
cipal question relates to the right to set off benefits to the prop-
erty, received from the improvement of the State House and
the grounds adjacent thereto.   The first section of the statute
referred to limits the height of buildings, to be erected or re-
built, abutting on Bowdoin Street between Allston Street and
Beacon Street, to one hundred feet above the highest grade of
that part of Bowdoin Street on which the building abuts, and
limits the height of buildings to be erected on Beacon Street
between the Claflin Building and Park Street to seventy feet
above the highest grade of Beacon Street.   The St. 1901, c. 525,
provided for a change of the grade of Bowdoin Street.

Section 2 of the act first mentioned is as follows : " Any per-
son owning land on or within forty-two feet of Bowdoin Street,
between Allston Street and Beacon Street, or on or within
ninety-five feet of Beacon Street between the Claflin Building,
so-called, and Park Street, whose property is damaged more
than it is benefited by the improvement of the State House,
consisting of the limitation of the height of buildings on said
land, the laying out and grading of said streets, the removal of
buildings between Hancock Street and Bowdoin Street, the re-
construction and extension of the State House and the construc-
tion of the park between Bowdoin Street and the State House,
may, within two years after the passage of this act, and not
afterward, file in the office of the clerk of the Superior Court
for the county of Suffolk, his petition for a jury to deter-
mine such damage, and a jury of said court shall thereupon
determine the question, under the rules of law, so far as they
are applicable, under which damages for the laying out of high-
ways under the Revised Laws are determined.   If the jury find
that the petitioner is damaged more than he is benefited by said
improvement they shall determine the amount of the difference,
and the Commonwealth shall pay the same ; and if the jury
shall not so find, judgment shall be entered for the Common-
wealth, costs taxed and execution issued therefor against the
petitioner as in civil cases.   The city of Boston shall repay to
the Commonwealth all damages which the State shall be re-
quired to pay for the change of grade of Bowdoin Street made

under authority of the Governor and Council, and for all expenses incurred in making such change."

The controversy in the present case relates only to the damages claimed on account of the limitation of the height of buildings on Bowdoin Street. About the damages found by the auditor and allowed by the court on account of the change of the grade of the street, no question is made by either party. The question is whether the damages for the limitation of the height of buildings are to be assessed as is provided by the statute, with a deduction of the benefit received from the general improvement mentioned, or without any deduction.

There is no doubt as to the true meaning of the statute in this particular. The provision for the recovery of these damages is only for those whose property is damaged more than it is benefited by the improvement stated, of which this limitation of the height of buildings is treated as a part. The contention of the petitioner is that this statute is unconstitutional in prescribing a set-off of benefits against the damages other than the benefits that result under the statute which authorizes a taking. This contention includes the proposition that there is a taking of property under the right of eminent domain, as well as the proposition that the compensation cannot be diminished by such a set-off as is prescribed.

It was decided in *Welch* v. *Swasey, ante,* 364, that Sts. 1904, c. 333, and 1905, c. 383, and the orders of the commissioners under them which limit the height of buildings in all parts of the city of Boston, without compensation to property owners, are constitutional. The limitation prescribed for buildings on this street in the statute now before us is no greater than under the statute just mentioned for buildings in most parts of the city of Boston, and it is no greater than that prescribed for buildings in places where the reasons for enforcing such a limitation, in the exercise of the police power, are but little if any more cogent than they are for such a limitation here. If the Legislature had put this restriction upon the erection of buildings in a statute dealing with such property generally, in the exercise of the police power, without providing compensation, we should think it plain that the statute would have been constitutional.

By the St. 1901, c. 525, § 3, precisely the same restriction was put upon the height of buildings on this street that we find in the St. 1902, c. 543, and there was no provision for compensation. The inference is strong that the Legislature intended this part of that statute as an exercise of the police power, and not a taking of property under the right of eminent domain. It is only upon this assumption that the constitutionality of the provision in that act can be upheld. The Legislature is presumed to have proceeded under the Constitution, rather than in violation of it. On the other hand, there are considerations that might be urged with much force against the contention that this part of that statute was enacted in the exercise of the police power. It is entitled, "An Act relative to the improvement of the State House grounds." It deals with the height of buildings only in a small area very near the State House, when considerations relative to the public health, the public safety and the public comfort would be equally applicable to other parts of the city.

If the provision in the St. 1901, c. 525, was enacted as an exercise of the police power, the natural construction of the provision for damages, in the section above quoted, would be, that it was made broad enough to include every kind of detriment on one side, even though the landowner might not be entitled to damages for it under the constitution, and in like manner to include all benefits from the general improvement on the other, and to give the owner the balance, if the damages exceeded the benefits.

If, on the other hand, the limitation is to be treated as a taking of property under the right of eminent domain, the owner is entitled to compensation if the right taken is of any value. Of course, compensation is to be measured by the effect of the taking, for the public use referred to in the statute, upon the value of the property, having reference to the effect of the taking for the prescribed use upon the property that is left, as well as to the value of the right taken, considered by itself alone. The statute shows that the restriction upon the height of buildings on Bowdoin Street was treated by the Legislature as a part of the general improvement of the State House and the grounds about it, which had been begun several years before,

and was then unfinished. It is a grave question whether, by treating these changes made under different statutes as one general improvement, and providing that this restriction upon buildings should be a part of the improvement, the Legislature could limit compensation for a right of property taken to its value diminished by the value of the benefit received by the remaining estate from the general improvement.

We do not find it necessary to decide these questions in this case, for the petition is brought under the section above quoted, and unless that section is valid, the petitioner has no standing before the court. The petitioner is described in the petition as one whose property is damaged "more than it is benefited by the improvement of the State House, consisting of the limitation of the height of buildings on said land, the laying out and grading of said streets, the removal of buildings between Hancock Street and Bowdoin Street, the reconstruction and extension of the State House and the construction of the park between Bowdoin Street and the State House; " and it "prays that the damages which it has sustained as aforesaid may be assessed by a jury of this honorable court as provided in said acts and amendments thereto." The only jurisdiction to which the petitioner appeals is the jurisdiction created by this section. The only damages which the petitioner asks to have assessed are the damages given by this section. The assessment made by the auditor and confirmed by the court was in accordance with the terms of this section. In this proceeding the petitioner is estopped from questioning the validity of this section, upon which alone its petition is founded. *Daniels* v. *Tearney*, 102 U. S. 415. *Davis* v. *Wakelee*, 156 U. S. 680. By bringing the petition it has affirmed the validity of the taking and of the provision for giving damages contained in this section. The respondent has conceded the validity of both. There is no issue before the court as to the constitutionality of the taking, or of the method provided for the assessment of damages. See *Wellington, petitioner*, 16 Pick. 87, 97; *Hingham & Quincy Bridge* v. *County of Norfolk*, 6 Allen, 353, 357.

The petitioner refers to the familiar rule of law that unconstitutional provisions of a statute are sometimes separable, leaving the act constitutional and valid in one part and unconstitutional

in another part.   *White* v. *Gove,* 183 Mass. 333.   *Edwards* v. *Bruorton,* 184 Mass. 529.   This rule is not applicable to the present case because, first, the petition is founded on the part of the statute which is alleged to be unconstitutional, and secondly, because the different parts of the act relating to the height of buildings in Bowdoin Street and the assessment of damages are so connected that they do not seem to be separable. Judging from the provisions of the statute, it cannot be assumed that the Legislature would have passed the first section if it had understood that the second could not be given effect.·

There is nothing in the case to take it out of the general rule as to the allowance of interest upon damages suffered.

> *Judgment according to the finding and ruling of the Superior Court.*